IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| WALTER OSBALD GARZA-MORALES,<br>　　　　　　Petitioner,<br>vs.<br>UNITED STATES OF AMERICA,<br>　　　　　　Respondent. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  1:09CV90 DAK |

　　　　This matter is before the court on Walter Osbald Garza-Morales's pro se  Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.   The court has carefully reviewed all pertinent matters in this case. and has concluded that it is not necessary to order the Government to respond because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  28 U .S.C. § 2255, Proc. R. 4(b).

　　　　On October 9, 2008, Petitioner pleaded guilty to violating 8 U.S.C. § 1326, Re-entry of a Previously Removed Alien.   At his Plea & Sentencing Hearing, Petitioner acknowledged that he understood the maximum penalty for this violation was a term of imprisonment of up to 20 years.   Based on his Presentence Investigation Report, Petitioner had a Total Offense Level of 21, with a base offense level of 8 (for unlawfully entering or remaining in the United States) and an increase of 16 levels (due to being previously deported after a conviction for a felony that is a

1

crime of violence). He was given a three-level reduction for acceptance of responsibility, for a total offense level of 21.

Petitioner had ten criminal history points, with two more being added for committing the instant offense less than two years after being released from confinement. Thus, he had a total criminal history score of 12, establishing a criminal history category of V. Based on a total offense level of 21 and a criminal history category of V, the guideline range of imprisonment fell in Zone D and was 70 to 87 months.

Because of Defendant's participation in the early disposition program (Fast Track), the government requested a two-level downward departure. This resulted in a Total Offense Level of 19 and a range of imprisonment of 57 to 71 months. Petitioner was sentenced to the low-end of this range, receiving a sentence of 57 months.

Petitioner argues that he was denied effective assistance because he allegedly "failed to address three key matters:" Specifically,

> (1) Garza's age at the time of sentencing, and at the time of an prior acts;
>
> (2) That the prior offense used to determine the 16-level enhancement was already included in the criminal category, and
>
> (3) that the applicable guideline is a product of congressional meddling.

Mem. in Supp. of § 2255 Petition at 4.

Petitioner's ineffective assistance claim lacks merit. To establish a claim for ineffective assistance of counsel, a petitioner must show: "(1) his counsel's performance was constitutionally deficient, and (2) his counsel's deficient performance was prejudicial." *United States v. Cook*, 45

F.3d 388, 392 (10th Cir. 1995); *United States v. Glover*, 97 F.3d 1345, 1349 (10th Cir. 1996) (applying standard to sentencing proceedings and plea hearings). Representation is deficient if it "falls below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 690 (1984). A showing of prejudice requires "that counsel's errors were so serious as to deprive the defendant of a fair trial whose result is reliable," and that there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 690-94.

In other words, "[t]he benchmark of an ineffective assistance claim must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Id*. at 686. For counsel's performance to be deficient, it must be shown that his performance was not "within the range of competence normally demanded of attorneys in criminal cases." *Id*. at 687. The standard of review for assessing such competence "must be highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of ineffective assistance of counsel claims." *Id*. at 669.

In this case, Petitioner has not demonstrated that his counsel's performance was constitutionally deficient or that any such deficient performance was prejudicial. There is nothing about the "three key matters" that Petitioner believes his counsel should have raised that would have made a difference in the sentence imposed by the court. Moreover, counsel's performance was certainly "within the range of competence normally demanded of attorneys in criminal cases."

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is DENIED.

DATED this 3rd day of February, 2010.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge